UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

       Plaintiff,

v.

ANDREOPOULOS & HILL, *et al.*,

       Defendants.

_____/

Case No. 2:19-cv-10283
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S April 12, 2021 MOTIONS (ECF Nos. 73, 74)

**I.    RECOMMENDATION:** The Court should **DENY** Plaintiff's April 12, 2021 motions (ECF Nos. 73, 74) to the extent these seek an order to show cause, entry of default judgment pursuant to Fed. R. Civ. P. 55(b), and/or entry of summary judgment pursuant to Fed. R. Civ. P. 56 as to Defendants Hammer and Awada.

**II.    REPORT:**

    **A.    Background**

Edward Eugene Williams is currently incarcerated at the Alabama Department of Corrections (ADOC) Staton Correctional Center. (ECF No. 11.) By way of background, it seems that he was involved in a motor vehicle accident in Michigan on January 29, 2009. (ECF No. 13, PageID.48; ECF No. 20,

PageID.70 ¶ 2, 72 ¶ 4.)  In October 2009, Williams – seemingly via counsel (Lambros L. Andreopoulos) – filed a state court lawsuit against Christopher Joseph Roebuck and Philadelphia Indemnity Insurance Company.  The docket indicates that the case was settled, an order of dismissal was signed by Judge Wendy M. Baxter and filed on June 22, 2012, and judgment was entered on November 5, 2012.  *See* Case No. 09-025727-NZ (Wayne County Circuit Court).  (ECF No. 21, PageID.87-90; *see also* ECF No. 20, PageID.70-73 [Exhibits].)

In January 2016, Andreopoulos & Hill, P.L.L.C. sought approval for disbursement; however, instead of signing the form, Plaintiff "refuse[d] proposed settlement."  (ECF No. 21, PageID.76-78.)  In April and June 2018, Plaintiff asked Michigan's Attorney Grievance Commission (AGC) to investigate Andreopoulos and Hill, P.L.L.C.  (ECF No. 21, PageID.84-85.)

### B.    Instant Lawsuit

According to Williams, "Defendant settle[d] both cases without my knowledge and consent July 13, 2012 and December 2012."  (ECF No. 1, PageID.9; *see also id.*, PageID.11-13.)  Williams filed the instant matter *in pro per* on January 29, 2019 against a multitude of Defendants, most of whom are described as associated with Andreopoulos & Hill, P.L.L.C.'s law office.  (ECF No. 1, PageID.1-6.)  Additionally, Plaintiff names Fernando G. Diaz, M.D. of the Michigan Head & Spine Institute (MHSI), (now retired) Chief Judge Robert J.

2

Colombo, Jr. of Wayne County Circuit Court, Alan M. Gershel of Michigan's Attorney Grievance Commission (AGC), Cynthia C. Bullington of Michigan's AGC, Robert Hammer of Philadelphia Insurance Company, and Rhonda Raines of ADOC's central records.  (ECF No. 1, PageID.6-7.)

### C.     Twelve Defendants have yet to appear.

On February 15, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* and entered an order directing Plaintiff to complete service documents and for service of process by the U.S. Marshals Service (USMS).  (ECF Nos. 5, 6.)  The Court issued two service related show cause orders, each of which has since been resolved.  (ECF Nos. 8, 12, 14, 23.)  On October 29, 2020, the Clerk issued twenty-seven summonses and delivered service of process documents to the USMS.  (ECF Nos. 27, 28.)[1]

Appearances have been entered on behalf of fifteen Defendants (Andreopoulos & Hill, Andreopoulos, Hill, Wagner, Yaldo, S. K. Rahn, Sally Kaye Rahn, Ayyash, Brewart, Bryant, Czubay, Dezes (Diaz), Chief Judge Colombo, Gershel, and Bullington).  (ECF Nos. 30, 31, 34, 37-47, 49, 52.) Unexecuted waivers have been returned as to the other twelve Defendants

---

[1] The Court assumes that Sally Kaye Rahn and S. K. Rahn are the same person. (*See* ECF No. 27, PageID.125, 129; ECF Nos. 44, 45.)

(Rutledge, Pappas, Arafat, Palm, Huntoon, Costigan, Zenanaji, Al-Aridht, Hammer, Raines, Awada, and Mulder).  (*See* ECF Nos. 56-58, 64, 69.)

### D. Plaintiff's April 12, 2021 Motions

Judge Berg referred this case to me for all pretrial proceedings, which was renewed by Judge Lawson upon reassignment of the case to him.  (ECF Nos. 18, 26.)  Currently pending before the Court are several dispositive motions, which include motions to dismiss filed by Defendants Bullington, Dezes, Andreopoulos & Hill, and Colombo.  (ECF Nos. 29, 35, 48, 50, 53.)  However, the subjects of this report and recommendation are Plaintiff's recently filed motions for "failure to appear," "default judgment," and "summary judgment."  (ECF Nos. 73, 74.)

### E. Discussion

In the operative pleading, Plaintiff describes Defendant Robert Hammer as an attorney for Philadelphia Insurance Company (providing phone numbers but no street address)[2] and Defendant Joseph Awada as located at Law Offices of Andreopoulos & Hill PLLC (28900 Woodward Ave, Royal Oak, MI 48067 or 12820 Ford Road, Suite 1, Dearborn, MI 48126).  (ECF No. 1, PageID.3, 7; *see*

---

[2] The Undersigned suspects that Plaintiff's complaint is referring to Philadelphia Insurance Companies, which appears to be headquartered at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004 but which also has an office at 101 West Big Beaver Road Office #1402 Troy, MI 48084.  *See* https://www.phly.com (last visited May 3, 2021).

*also* ECF No. 74, PageID.437.)  Upon further examination, it seems that:  (1) Robert Hammer is a claims specialist at Philadelphia Insurance Companies; and (2) Joseph Awada is a chiropractor at 7001 Wyoming Street, Dearborn, MI 48126.  (*See* https://www.zoominfo.com/p/Robert-Hammer/-2118439038 and https://npiprofile.com/npi/1881960540 (last visited May 4, 2021); ECF No. 74, PageID.433, 435.)

In any event, it is clear that service upon these two Defendants has been ineffective.  As to Defendant Hammer, the Clerk issued a summons in October 2020 (ECF No. 27, PageID.140), and the USMS attempted service by mail to Philadelphia Insurance Company, 201 West Big Beaver Road, Troy, MI 48084-4118 (ECF No. 56).  However, it was returned to the Clerk's Office in January 2021, bearing the mark "ANK," *i.e.*, "attempted – not known."  (*Id*.; ECF No. 57, PageID.294-295.)[3]  Likewise, as to Awada, the Clerk issued a summons in October 2020 (ECF No. 27, PageID.118), and the USMS attempted service by mail to the law firm at 28900 Woodward Ave, Royal Oak, MI 48067 (ECF No. 69).  In March 2021, it was returned to sender (RTS).  (ECF No. 69, PageID.415.)

---

[3] *See also* https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=70130600000139228525%2C%2C&tABt=false (last visited May 3, 2021).

In the wake of the USMS's ineffective attempts at service of a summons and complaint upon Defendants Hammer and Awada, Plaintiff filed the instant motions, which request several forms of relief from the Court – an order to show cause, entry of default judgment, and/or entry of summary judgment. In support of his motion, Plaintiff cites: (1) Fed. R. Civ. P. 4 ("Summons"); (2) presumably the state statutes and/or court rules governing summons and service of process, such as Mich. Comp. Laws M.C.R. 2.105; and, (3) several cases involving enforcement of an IRS summons – *United States v. Good*, No. MISC. 08-0023-KD-N, 2009 WL 2960465, at *1 (S.D. Ala. July 16, 2009), *report and recommendation adopted*, No. MISC. 08-0024-KDN, 2009 WL 2486366 (S.D. Ala. Aug. 11, 2009); *United States v. Powell,* 379 U.S. 48, 57, (1964); and, *United States v. Medlin*, 986 F.2d 463, 465 (11th Cir. 1993). (*See* ECF No. 73, PageID.428; ECF No. 74, PageID.433-434.)

However, there is no proof that service of process upon Hammer and Awada has occurred in accordance with either M.C.R. 2.105 ("Process; Manner of Service") or Subsection (2) of Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States."). Thus, these individuals are not properly before the Court, which significantly effects the Court's ability to address Plaintiff's requests for relief. Specifically, to the extent Plaintiff seeks an order requiring Defendants Hammer and Awada "to show cause why they should not be

compelled to comply with the summons[,]" (ECF No. 73, PageID.427; ECF No. 74, PageID.432), there is no proof on the record that the summons and complaint were properly served upon Defendants Hammer and Awada; instead, as set forth above, it appears the USMS's attempts at service of process upon these Defendants were returned to the sender. (ECF Nos. 56, 57, 69.) To the extent Plaintiff seeks entry of default judgment pursuant to Fed. R. Civ. P. 55(b), Plaintiff has not first – or at least simultaneously – requested that the Clerk of the Court enter default as to Defendants Hammer and Awada. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk." *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012). *See also Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) ("The district court properly denied Reed–Bey's motion for default *judgment* against defendants Nzums and Ingram pursuant to Federal Rule of Civil Procedure 55(b), because Reed–Bey failed first to obtain an *entry* of default pursuant to Federal Rule of Civil Procedure 55(a)."). Finally, to the extent Plaintiff seeks entry of summary judgment pursuant to Fed. R. Civ. P. 56, he has not shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Accordingly, the Court should **DENY** Plaintiff's April 12, 2021 motions (ECF Nos. 73, 74) to the extent these seek an order to show cause, entry of default judgment pursuant to Fed. R. Civ. P. 55(b), and/or entry of summary judgment pursuant to Fed. R. Civ. P. 56 as to Defendants Hammer and Awada.

**III.   PROCEDURE ON OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 5, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE