UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

    Plaintiff,

v.

ANDREOPOULOS & HILL, *et al.*,

    Defendants.

_____/

Case No. 2:19-cv-10283
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MARCH 3, 2021 MOTION TO RELATE AND CONFIRM (ECF No. 62), DENYING PLAINTIFF'S MARCH 18, 2021 MOTION FOR AN EXTENSION OF TIME TO RESPOND (ECF No. 65), and DENYING PLAINTIFF'S MARCH 18, 2021 MOTION (ECF No. 66)

**A.**     **Background**

In this lawsuit, Plaintiff sues a multitude of Defendants, only some of whom have appeared. Judge Lawson has referred this case for all pretrial proceedings. (ECF No. 26.)

Currently pending before the Court are several dispositive motions, which include motions to dismiss filed by Defendants Bullington, Dezes, Andreopoulos & Hill, and Colombo. (ECF Nos. 29, 35, 48, 50, 53-55.) On March 5, 2021, the Court granted Plaintiff's motion for an extension of time within which to file a written response to the pending motions to dismiss and extended his response

deadline up to and including April 9, 2021. (ECF Nos. 60; ECF No. 61, PageID.319.)

On March 18, 2021, Plaintiff filed what appears to be a single, collective response, which is comprised of fifty-four pages, including: (a) thirty-four handwritten pages – a response, a "statement of the claim/definite statements," an index of authorities and table of contents, a brief, a statement of material facts, a standard of review, argument, and conclusion & relief sought; and, (b) twenty pages of exhibits. (ECF No. 67.) Defendant Columbo has filed a reply (ECF No. 68), as have Defendants Bullington and Gershel (ECF No. 70).

**B.  Discussion**

Before the Court addresses Defendants' pending dispositive motions, it wishes to address Plaintiff's three March 2020 motions.

**1.  Plaintiff's "motion to relate and confirm"**

On March 3, 2021, Plaintiff filed a "motion to relate and confirm" (ECF No 62), which seems to mention his February 4, 2021 motion, the title of which sought an extension of time as well as leave to "amend and suppl[e]ment definite statements." (ECF No. 60, PageID.305.) To the extent Plaintiff seeks the Court's decision as to his February 4, 2021 motion (ECF No. 60), the request is denied as moot, because the Court has already issued its ruling (ECF No. 61). The Court's March 5, 2021 order appears to have crossed in the mail with Plaintiff's instant

2

motion, which was post-marked March 3, 2021. (ECF No. 62, PageID.323.) In any event, the Court: (1) extended Plaintiff's response deadline up to and including Friday, April 9, 2021, which – incidentally – he since accomplished on March 18, 2021 (ECF No. 67); (2) denied his request to the extent it sought leave to amend his operative pleading, *i.e.*, his original complaint (ECF No. 1); and, (3) directed the Clerk to strike certain independently filed exhibits (ECF No. 33) from the record. (ECF No. 61, PageID.319.) Thus, the Court's March 5, 2021 order also seems to have addressed Plaintiff's instant motion to the extent it seeks an opportunity to submit more material to the Court or requests leave to amend and supplement his statement of claim (ECF No. 1, PageID.9, 11-13). (*See* ECF No. 62, PageID.320-322.)

Finally, Plaintiff's March 3, 2021 motion requests the Court to "enter his motion to compel discovery[.]" (ECF No. 62, PagID.322.) Perhaps this is a reference to his August 4, 2020 motion to compel discovery (ECF No. 20), which the Court denied without prejudice on September 23, 2020 (ECF No. 23). Much of what the Court said at that time remains true today:

> To the extent [Plaintiff] seeks an order compelling discovery, [his request] is premature, because Defendants have yet to appear, and, in any event, it is not clear whether they – as opposed to Clerk of the Court – were served with discovery (*see* ECF No. 20, PageID.66, 69). Once service is effected and appearances are made, Plaintiff and Defendants will be permitted to exchange disclosures and discovery, consistent with Fed. Rules Civ. P. 26 to 37. These are not to be filed

3

with the Court, unless expressly permitted by E.D. Mich. LR 26.2 ("Filing Discovery Material").

(ECF No. 23, PageID.98-99.) Although many Defendants have since appeared, many have not. Moreover, those who have appeared and filed a dispositive motion are challenging the face of the operative pleading, which usually does not require discovery. *See*, *e.g.*, Fed. R. Civ. P. 12(d) ("Result of Presenting Matters Outside the Pleadings."). Finally, to the extent Plaintiff's request seeks to compel discovery *already served* (about which more will be said below), it does not comply with E.D. Mich. LR 37.2 ("Form of Discovery Motions") ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

### 2. Plaintiff's motion for an extension of time within which to respond

At the same time that he filed the aforementioned dispositive motion response (ECF No. 67), Plaintiff also sought a 30-day extension of time within which to respond to Defendants Gershel and Bullington's December 17, 2020 motion to dismiss (ECF No. 29) and Defendant Columbo's motion to dismiss (ECF Nos. 53-55). (ECF No. 65, PageID.351.) According to Plaintiff, who is in the custody of the Alabama Department of Corrections, health conditions within the

prison population at Staton Correctional Center have resulted in quarantine, and he is "without law research to respond to the Court . . . ." (*Id.*) Defendants Bullington and Gershel object to this request "for an extension of time to file a further response[,]" because, *inter alia*, "Plaintiff's lengthy response . . . with references to various legal authorities clearly obtained from the prison law library casts doubt on his excuse for additional time to respond[.]" (ECF No. 70, PageID.418, 420.) In other words, they contend that Plaintiff's response (ECF No. 67) is evidence that "Plaintiff has had access to the prison law library to conduct his research." (*Id.*, PageID.421.)

Upon consideration, the Court declines to permit a further response to any of the currently-pending motions to dismiss, which were filed as early as December 17, 2020 or as late as January 8, 2021. (ECF Nos. 29, 35, 48, 50, and 53-55.) The Court has already issued orders requiring Plaintiff's responses to these motions (ECF Nos. 36, 51, 59), and, on March 5, 2021, it granted Plaintiff's motion to extend (ECF Nos. 60, 61). The Court is now in receipt of a lengthy response (ECF No. 67), which is described more fully above, and it should suffice for the Court's consideration of the pending motions to dismiss, which are based on Fed. Rules Civ. P. 8(a)(2) and/or 12(b)(6) and which are evaluated by looking at the face of the operative pleading – *i.e.*, Plaintiff's original, January 29, 2019 complaint (ECF No. 1).

### 3. Plaintiff's "motion to relate and order compelling disclosure or discovery [and] scheduling status conference 'at bench'"

It is not entirely clear what Plaintiff seeks by his "motion to relate and order compelling disclosure or discovery [and] scheduling status conference 'at bench[,]'" although he seems to refer to:

1. the order(s) referring pretrial matters (*e.g.*, ECF Nos. 7, 15, 18, 26);

2. the September 23, 2020 order (ECF No. 23), which in part concerned a request for status conference and discovery (ECF No. 19) and a motion to compel discovery, writ of mandamus, and disclosures (ECF No. 20);

3. the October 29, 2020 summonses (ECF No. 27);

4. Federal Rules of Civil Procedure 26(a), 33 and 34; and,

5. Fed. R. Evid. 201 ("Judicial Notice of Adjudicative Facts").

(ECF No. 66, PageID.354-355.)

To the extent Plaintiff requests that the Court schedule a status conference and/or enter an order compelling "discovery, disclosure of all relevant facts through interrogatories, depositions[,]" and/or issue a scheduling order, the requests are premature. Twelve of the twenty-seven Defendants have yet to appear, and – as noted earlier – the pending motions to dismiss are based on Fed. Rules Civ. P. 8(a)(2) and/or 12(b)(6), either of which is evaluated by looking at the face of the operative pleading, which at this point is Plaintiff's original complaint

(ECF No. 1). If Plaintiff's complaint survives the motions to dismiss (and/or when the other twelve Defendants appear), then the Court will be in a better position to conduct a Fed. R. Civ. P. 16 pretrial or scheduling conference or consider discovery-related motions under Fed. Rules Civ. P. 26-37. Plaintiff is reminded that the Court will not compel discovery under Rule 37 before a Rule 26(f) conference has occurred, discovery requests have actually been served, or a response to properly served discovery has become due under the Federal Rules of Civil Procedure.

**C.    Order**

In accordance with the foregoing, Plaintiff's March 3, 2021 motion to relate and confirm (ECF No. 62) is **DENIED**; Plaintiff's March 18, 2021 motion for an extension of time to respond (ECF No. 65) is **DENIED**; and, Plaintiff's March 18, 2021 motion (ECF No. 66) is **DENIED**.

As for the pending motions to dismiss (ECF Nos. 29, 35, 48, 50, 53-55), I will issue a report and recommendation under separate cover. Finally, Plaintiff is encouraged to make clear:  (1) the purpose of his filings; and, (2) where appropriate, the basis for his filing, such as a rule governing pleadings and motions (*e.g.*, Fed. Rules Civ. P. 7-16, E.D. Mich. LRs 7.1-15.1) or disclosures and discovery (*e.g.*, Fed. Rules Civ. P. 26-37, E.D. Mich. LRs 26.1-37.2). The Court is

in the best position to consider Plaintiff's requests when their purpose and the Court's authority to act is apparent.

**IT IS SO ORDERED.**

Dated:  May 12, 2021

*/s/ Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE