UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WILLIAMS,

      Plaintiff,
v.

ANDREOPOULOS & HILL, L. LOUIS
ANDREOPOULOS, DAVID T. HILL,
JOSEPH AWADA, MEGAN MULDER,
TODD RUTLEDGE, BRIAN J. WAGNER,
EVAN PAPPAS, FANCY YALDO, AMANDA
ARAFAT, SALLY KAYE RAHN, DAVID
AYYASH, KRISTINA BREWART, JULES
PALM, S. K. RAHN, MICHELLE HUNTOON,
KYLE BRYANT, JON COSTIGAN,
ZENANAJI, LYNN CZUBAY, HAWRAA
AL-ARIDHT, FERNANDEZ DEZES,
ROBERT J. COLOMBO, JR., ALAN M.
GERSHEL, CYNTHIA C. BULLINGTON,
ROBERT HAMMER, and RHONDA RAINES,

      Defendants.
_____/

Case Number 19-10283
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF No. 82), OVERRULING PLAINTIFF'S OBJECTIONS, DENYING THE LAW
FIRM DEFENDANTS' MOTION TO DISMISS, GRANTING THE MOTIONS TO
DISMISS FILED BY THE ACG DEFENDANTS, DR. DIAZ, AND JUDGE COLOMBO,
AND DENYING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO
RESPOND TO THE DEFENDANTS' MOTIONS TO DISMISS**

  Plaintiff Edward Williams, who currently is a prisoner in the custody of the Alabama Department of Corrections, filed a civil suit on his own behalf (without a lawyer's help), alleging that several attorneys associated with the law firm of Andreopoulos & Hill settled on his behalf a personal injury claim related to a 2009 motor vehicle accident without his knowledge or consent. He also named several other defendants associated with Michigan's Attorney Grievance Commission (ACG), his treating physician at the Michigan Head and Spine Institute, and the

presiding state court judge, former Chief Judge Robert J. Columbo, Jr. of the Wayne County, Michigan circuit court. The plaintiff predicated his claims on 42 U.S.C. § 1983, which provides individuals with a vehicle to bring a civil action for the deprivation of their constitutional rights, but he bases federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. The Court referred the case to the assigned magistrate judge for all pretrial proceedings.

On December 17, 2020, ACG defendants Alan Gershel and Cynthia Bullington filed a motion to dismiss the complaint against them, contending that it states no facts pertaining to them and contains nothing but purely conclusory statements and opinions. ECF No. 29. Defendant Fernando Diaz (spelled Fernandez Dezes on the docket), a neurosurgeon at the Michigan Head and Spine Institute, filed a motion to dismiss on December 23, 2020, which he subsequently amended. ECF Nos. 35, 50. He argued that the plaintiff failed to state a claim against him because he had no involvement with the underlying lawsuits or settlement. That same day, the Andreopoulos & Hill law firm, along with 10 affiliates, also moved to dismiss the complaint against them on the grounds that the complaint contained only conclusory statements against them. ECF No. 48. Finally, on January 8, 2021, former Chief Judge Columbo (now retired) moved to dismiss, arguing that the complaint states no facts pertaining to him, and that any potential claims are barred by the doctrine of absolute judicial immunity. ECF Nos. 53, 55.

On April 12, 2021, the plaintiff filed two motions to show cause and for default and summary judgment against defendants Robert Hammer of the Philadelphia Insurance Company and Joseph Awada of Andreopoulos & Hill for their failure to make appearances in the case. ECF Nos. 73, 74. On May 5, 2021, the magistrate judge issued a report recommending that the Court deny the plaintiff's motions because the record contained no evidence that Hammer or Awada were served properly with the summons and complaint under Federal Rule of Civil Procedure 4(e).

ECF No. 75. Additionally, the plaintiff had not first requested that the Clerk of the Court enter default as to the defendants, *see* Fed. R Civ. P. 55(a), nor had the plaintiff shown that he was entitled to judgment as a matter of law.

On May 7, 2021, the plaintiff requested an extension of time for filing objections to the Report and Recommendation, which the Court allowed until June 15, 2021. However, on June 3, 2021, the Court mistakenly adopted the Report and Recommendation based on the plaintiff's failure to timely object.

Before the Court adopted the May 5, 2021 Report and Recommendation, the magistrate judge filed a second report on May 28, 2021 addressing the defendants' motions to dismiss. ECF No. 82. The magistrate judge recommended that the Court deny the law firm defendants' motion to dismiss because, construing the complaint liberally, it pleads sufficiently that the defendants breached their contract with the plaintiff and possibly committed fraud, misrepresentation, professional malpractice, and breached their fiduciary duties by settling the plaintiff's personal injury case without his consent. The magistrate judge recommended that the Court grant the remaining motions to dismiss because the complaint fails to state facts against the ACG defendants, Dr. Diaz, and Judge Columbo. Additionally, the magistrate judge found that the ACG defendants are likely immune from liability for the acts or omissions performed in their professional capacities, as is former Chief Judge Columbo.

On June 22, 2021, the plaintiff submitted a document styled as objections to the magistrate judge's first Report and Recommendation, which the Court received on July 6, 2021. ECF No. 93. Although the title of the objections references the May 5, 2021 Report and Recommendation, the substance of the filing is largely directed at the May 28, 2021 Report and Recommendation pertaining to the defendants' motions to dismiss.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In the usual case where an order is improvidently entered, like the order adopting the May 5, 2021 Report and Recommendation, the Court would vacate it and readdress the matter. Here, however, the plaintiff never did file timely objections to the Report and Recommendation, and the tardy papers he submitted take no issue with the magistrate judge's recommendation to deny the plaintiff's motions. Those objections will be overruled and the order adopting the May 5, 2021 Report and Recommendation will stand.

The plaintiff's objections to the May 26, 2021 Report and Recommendation were due June 12, 2021. Fed. R. Civ. P. 72(b)(2), 4(a)(1)(C), (d) (14 days + 3 days for mailing + intervening

weekend). He did not object timely to that report. Generously reading his June 22, 2021 filing as pertaining to that Report and Recommendation, there is no challenge stated to the magistrate judge's recommendation. Although the filing includes a heading titled "objections," no objections are stated. Instead, the plaintiff seeks an extension of time to respond to the ACG defendants' and Dr. Diaz's motions to dismiss. He offers no grounds for the extension and he has not demonstrated good reason, as the motions were filed at least seven months ago.

The Court will adopt the May 26, 2021 Report and Recommendation and grant the motions to dismiss by the ACG defendants, Dr. Diaz, and Judge Columbo. The magistrate judge suggested that the case can continue against the law firm defendants on theories of breach of contract, fraud and professional malpractice. The case will be returned to the magistrate judge under the original order of reference. However, before proceeding further with the merits of the case, the magistrate judge should first determine that the Court has subject matter jurisdiction over the action.

"The Court has an independent duty to determine its power and authority to proceed," *City of Detroit v. Comcast of Detroit, Inc.*, 771 F. Supp. 2d 781, 785-86 (E.D. Mich. 2011), as "[the] lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996); *see also Her Majesty the Queen in Right of the Province of Ontario,* 874 F.2d 332, 339 (6th Cir. 1989); *Douglas v. E.G. Baldwin & Assocs., Inc.,* 150 F.3d 604, 607 (6th Cir. 1998) (reiterating that "[q]uite aside from whether the parties raise jurisdictional issues themselves — or even attempt to consent or agree to federal jurisdiction — federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction").

Although the plaintiff mentioned 42 U.S.C. § 1983 in his complaint, it does not appear that any federal claims remain in the case (if there ever were any). There may be reason to doubt the propriety of entertaining the remaining state law claims under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

If subject matter jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332, there may be reason to question whether complete diversity exists. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) ("Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state.") (quotation marks omitted).

All of the defendants appear to be domiciled in Michigan and therefore are citizens of that state. Although the plaintiff currently is incarcerated in Alabama, he represented in an affidavit supporting his complaint that he had been living in the Detroit area when in 2010, he "visit[ed] his relatives" in Alabama, where he "was charged with four crimes" unrelated to this action. ECF No. 13, PageID.49-50. A prisoner's "citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). If the plaintiff was domiciled in Michigan when he was taken into custody in Alabama — that is, if he was physically present and intended to make Michigan his home, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47 (1989) — there would be no diversity of citizenship and no subject matter jurisdiction. The magistrate judge should address this issue.

Accordingly, it is ordered that the plaintiff's objections (ECF No. 93) to the May 5, 2021 Report and Recommendation (ECF No. 75) are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's May 26, 2021 report and recommendation (ECF No. 82) is **ADOPTED**. The plaintiff's objections (ECF No. 93), to the extent they apply to the second report and recommendation, are **OVERRULED**.

It is further **ORDERED** that the law firm defendants' motion to dismiss (ECF No. 48) is **DENIED**.

It is further **ORDERED** that the motions to dismiss filed by defendants Gershel and Bullington (ECF No. 29), Diaz (ECF Nos. 35, 50), and Colombo (ECF Nos. 53, 55) are **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for an extension of time (ECF No. 93) is **DENIED**.

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is **CONTINUED** under the previously issued order of reference (ECF No. 7). The magistrate judge should address the question of subject matter jurisdiction.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 9, 2021