UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

        Plaintiff,                              Case No. 2:19-cv-10283
                                                               District Judge David M. Lawson
v.                                                                  Magistrate Judge Anthony P. Patti

ANDREOPOULOS & HILL, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 95)

Currently before the Court is Plaintiff's July 8, 2021 filing, which is titled "motion compelling discovery / compelling of the document(s) of record subpoena witness per scheduling order." (ECF No. 95.)  In the federal courts, disclosures and discovery are governed by Federal Rules of Civil Procedure 26 through 37. Fed. R. Civ. P. 26 discusses general provisions governing discovery, including Rule 26(a) required disclosures.  Rules 27 through 35 concern specific discovery tools, such as depositions, interrogatories, requests to produce, physical and mental examinations.  Rule 36 pertains to requests for admission; however, these are not technically a discovery tool, as such requests seek to narrow the issues for trial. *O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (requests for admission are not discovery devices, because the proceeding party already knows the fact and

merely seeks authentication) (citing *Wright & A. Miller*, 8B Fed. Prac. & Proc. Civ. § 2253, at 706 & n. 23 (1970)).  Finally, failure to make disclosures or to cooperate in discovery is governed by Rule 37.

The Court has considered Plaintiff's brief, three-page motion (ECF No. 95).[1]  Upon consideration, Plaintiff's motion (ECF No. 95) is **DENIED**.  Preliminarily, because this is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[,]" Fed. R. Civ. P. 26(a)(1)(B)(iv), it is exempt from initial disclosure.  Thus, Plaintiff's motion to compel cannot be one seeking to compel disclosure under Fed. R. Civ. P. 37(a)(3)(A).  Second, discovery requests under Rules 30, 31, 33 and 34 are prerequisites to a motion to compel a discovery response.  Fed. R. Civ. P. 37(a)(3)(B).  Here, Plaintiff seeks production of records and leave to serve subpoenas upon Defendants via the Clerk of the Court.  (ECF No. 95, PageID.613.)  However, if Plaintiff is asking the Court to compel the production of "statements, affidavits or deposition(s)," or documents within Defendants' possession concerning the "proposed arbitration agreement in

---

[1] Although Plaintiff's motion was filed effective July 8, 2021, it was not placed onto the docket until July 20, 2021.  Assuming the law firm Defendants' received Plaintiff's motion on that date, their response would have been due on August 3, 2021.  E.D. Mich. LR 7.1(e)(1)(A) ("Responses to all motions, except those listed in subparagraph 2(A) below, must be filed within 14 days after service of the motion.").  Therefore, the law firm Defendants' August 4, 2021 response (ECF No. 96) is tardy by at least one day.

the 3rd Judicial Circuit of Wayne County Clerk's Office" or the "diagnosis of Plaintiff's back injury scheduled for repair with the defendant Fernandez Dias [of] Michigan Head & Spine," (*id.*, PageID.613), Plaintiff must first seek this information in accordance with the appropriate Federal Rules of Civil Procedure and then file a related motion to compel only if the properly served requests do not yield either complete answers or responses or an appropriate objection within the time permitted by the rules. Finally, should Plaintiff file any future motions to compel discovery, he is hereby cautioned that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2.

    **IT IS SO ORDERED**.[2]

Dated: November 3, 2021

                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).