UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

        Plaintiff,

v.

ANDREOPOULOS & HILL, *et al.*,

        Defendants.

_____/

Case No. 2:19-cv-10283
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT MULDER'S MOTION TO DISMISS (ECF No. 84)

**I.     RECOMMENDATION:** The Court should **GRANT** the pending motion to dismiss filed by Defendant Mulder (ECF Nos. 84).

**II.    REPORT:**

    **A.     Background**

Edward Eugene Williams is currently incarcerated at the Alabama Department of Corrections (ADOC) Staton Correctional Facility on a matter unrelated to the case at bar. (ECF No. 11.) The facts underlying this lawsuit span a lengthy period – from the January 29, 2009 accident through the October 20, 2009 filing of his state court case and arguably to November 2018. (ECF No. 82, PageID.482-486.) The history is set forth in detail in the May 26, 2021 report and recommendation and need not be repeated here.

Williams filed the instant matter *in pro per* on January 29, 2019 against a multitude of Defendants, most of whom are described as associated with Andreopoulos & Hill, P.L.L.C.'s law office. (ECF No. 1, PageID.1-7.) Of the law firm Defendants who have already appeared, most are represented by the Andreopoulos & Hill firm. (ECF Nos. 37-47.) Defendant Mulder is represented separate counsel. (ECF No. 81.)

### B. Pending Dispositive Motion

Judge Berg referred this case to me for all pretrial proceedings, which was renewed by Judge Lawson upon reassignment of the case to him. (ECF Nos. 18, 26.) Currently before the Court is Defendant Mulder's May 28, 2021 motion to dismiss. (ECF No. 84.) Defendant Mulder asks the Court to either: (1) dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted; or, alternatively, (2) order Plaintiff to file a more definite statement as provided for in Fed. R. Civ. P. 12(e). (*Id.*, PageID.506, 511.)

### C. Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'"

3

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.). As one esteemed jurist from this District has stated, "[e]ven excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6)." *Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.).

### D. Discussion

Defendant Mulder attaches an affidavit to her motion to dismiss, in which she claims that she was still in law school when the underlying suit was pending. (ECF No. 84, PageID.513-514.) Even if accurate, the Court is unable to consider it on a motion to dismiss the complaint, as the affidavit presents facts beyond the face of the pleading. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[,]" in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Nonetheless, upon consideration of Plaintiff's verified complaint (*see* ECF No. 1, PageID.10), Defendant Mulder should be dismissed from this lawsuit, as the Court is able to verify that she was not admitted to the State Bar of Michigan before final judgment was entered in the underlying state court case. In his

complaint, Plaintiff identifies Megan Mulder as an *attorney* whose address is that of the Andreopoulos & Hill law firm, and his "statement of claim" alleges that "Defendant[s] settle[d] both cases without my knowledge and consent July 13, 2012 and December 2012." (ECF No. 1, PageID.3, 9.) The Court takes judicial notice of the facts that: (1) Defendant Lambros L. Andreopoulos represented Plaintiff in *Williams v. Philadelphia Indemnity Insurance Co. and Christopher Joseph Roebuck*, Case No. 09-025727-NZ (Wayne County Circuit Court), as to which final judgment was entered in November 2012 and in which Defendant Mulder does not appear on the register of actions as counsel of record;[1] (2) Defendant Mulder (P77597) was admitted to the State Bar of Michigan on November 12, 2013;[2] and, (3) Defendant Mulder has filed an appearance in a total of one civil case in the Wayne County Circuit Court, in 2015 (*Youhana v. Howell and Howell*, Case No. 15-011821-NI, in which Plaintiff Williams was not a party.[3] Accordingly, Plaintiff's "statement of claim" refers to a time before she was admitted to practice in Michigan's state courts, and she was not Plaintiff's counsel of record in the state court lawsuit underlying the matter before this Court.

---

[1] (*See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1184804.)

[2] (*See* https://sbm.reliaguide.com/lawyer/48067-MI-Megan-Mulder-45815.)

[3] (*See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2495323.)

Moreover, the complaint's pages of "additional information," state that: (1) Plaintiff has requested records from his "Attorney office," (*id.*, PageID.11); (2) "the Attorney's [sic] of Andreopoulos and Hill, LLC" deliberately "withheld what process took place and sent the Plaintiff a late arbitration of the default claim . . . [,]" which "Plaintiff refused[;]" and, (3) Plaintiff sought "knowledge of what process had taken place[] and counsel refuse[d] to speak (or) respond by mail." (ECF No. 1, PageID.11-12.) He seems to seek an order that requires the law firm to release something called "process of settlement[,]" (*id.*, PageID.12). These assertions and Plaintiff's other references to "counsel" or "counsel's" (*id.*, PageID.13) do not state a claim specifically against Defendant Mulder.

To be clear, there is some need to discuss the "relevant period" for this case. Defendant Mulder focuses on a "relevant time period of 2009 to 2012," *i.e.*, the time from the filing of the state court case to the settlement. (ECF No. 84, PageID.509-510.) By comparison, the Court's prior report discussed a background spanning the period from the January 29, 2009 accident to November 2018. (ECF No. 82, PageID.482-486.) However, even looking back at that detailed background, which expanded beyond the complaint for the sake of attempting to understand Plaintiff's claims, Defendant Mulder's March 2014 to June 2016 employment at Andreopoulos & Hill, P.L.L.C.: (1) *may* have overlapped whatever March 6, 2014 $17,600 dismissal Plaintiff references (ECF No. 67, PageID.391);

6

and, (2) would have overlapped the firm's January 8, 2016 communication with Plaintiff, which he refused on May 16, 2016 (ECF No. 21, PageID.76-78; ECF No. 13, PageID.50-51).  (ECF No. 82, PageID.484.)  Presumably, Plaintiff was referring to the latter when he mentioned "counsel's past delinquent arbitration proposed settlement" within his pleading.  (ECF No. 1, PageID.13.)  Nonetheless, if Plaintiff listed Mulder as a Defendant because her name appears on the letterhead of Andreopoulos & Hill, P.L.L.C.'s January 8, 2016 letter (ECF No. 21, PageID.76; ECF No. 67, PageID.391), this – alone – would not be enough to state a cause of action against her.

Since Defendant Mulder filed her motion, Plaintiff has filed many items:  (1) a May 20, 2021 letter (ECF No. 86); (2) a request for Clerk's entry of default (ECF No. 88); (3) a motion to amend and "order to show cause" (ECF No. 90); (4) a multi-faceted filing (ECF No. 91), which will be addressed under separate cover; (5) objections to a report and recommendation (ECF No. 93); (6) a motion to compel discovery (ECF No. 95); (7) a filing that, *inter alia*, discusses impediments to conducting legal research at his current place of confinement, asks for appointment of counsel, and seems to seek entry of a scheduling order. (ECF No. 98); and, (8) a response to the Court's show cause order (ECF No. 105).  These filings do not seem responsive to Defendant Mulder's May 28, 2021 motion to dismiss (ECF No. 84), which leaves the Court without a counter-argument and

perhaps even suggests that Plaintiff does not oppose the relief Defendant Mulder seeks.

### E. Conclusion

A review of Plaintiff's verified complaint, together with the fact that Defendant Mulder was neither admitted to the State Bar of Michigan until November 12, 2013 nor counsel of record in Plaintiff's underlying state court case, reveals that Plaintiff has "fail[ed] to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6). If the Court agrees with this conclusion, then it need not address Defendant's alternate, Rule 12(e) argument and, accordingly, should **GRANT** Defendant Mulder's motion to dismiss (ECF No. 84).

## III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 10, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE