UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

        Plaintiff,                        Case No. 2:19-cv-10283
                                        District Judge David M. Lawson
v.                                    Magistrate Judge Anthony P. Patti

ANDREOPOULOS & HILL, *et al*.,

        Defendants.

_____/

## ORDER DIRECTING THE CLERK OF THE COURT TO STRIKE ONE OF PLAINTIFF'S JUNE 4, 2021 FILINGS (ECF No. 91)

Currently before the Court is one of Plaintiff's three June 4, 2021 filings, which is fifty-seven pages in length and, as best the Court can tell, is comprised of a motion, a table of contents and index of authorities, a brief in support, law and analysis, argument, conclusion, relief sought, exhibits, and a proof of service. (ECF No. 91, PageID.537-593.)  Importantly, the title page labels the filing as both a "responsive pleading" and a "motion" seeking several forms of relief.  (*Id*., PageID.537.)

Upon consideration, the Clerk of the Court is **DIRECTED** to strike Plaintiff's June 4, 2021 filing (ECF No. 91) from the record of this case.  First, its use of the term "responsive pleading" on the title page does not make clear to what pleading or motion Plaintiff is responding.  (ECF No. 91, PageID.537.)  The

Federal Rules of Civil Procedure define pleadings to include only complaints and answers, and, *where ordered by the Court*, a reply to an answer.  Fed. R. Civ. P. 7(a)(1)-(7) (emphasis added).  At the time Plaintiff filed the matter at bar, Defendants had yet to file answers (see ECF Nos. 97, 104), and, to date, the Court has not ordered a reply.  Nor does the title page label the filing as an objection to a report and recommendation, an appeal of an order, or a motion for reconsideration. Second, if Plaintiff intended the filing to elicit some type of relief by way of motion – *e.g.*, "more definite statements," "summary judgment," "set a date for a trial," or to "compel[] disclosures, production of records," (ECF No. 91, PageID.537), then he should have filed a separate and clearly labeled motion or motions – including, where applicable, the rule under which he makes his request, and, where seeking (for example) a more definite answer, the identity of the defendant whose answer he finds unclear, the reasons why it should be deemed "indefinite" and what prejudice he suffers from the alleged lack of clarity.[1] Finally, although the Clerk's Office labeled this filing on the docket as a "Motion for a More Definite Statement, etc.," it would be highly unusual for a plaintiff to seek a more definite statement of a defendant's answer, particularly for answers

---

[1] To complicate matters, the "relief sought" mentions, *inter alia*, damages and discovery and arbitration, which seems: (1) out of place for some of the relief apparently sought by the title page; and, (2) internally inconsistent.  (*Id.*, PageID.579-580.)

which had yet to be filed.  *See* Fed. R. Civ. P. 12(e) ("Motion for a More Definite

Statement.") ("A party may move for a more definite statement of a *pleading* to

which a responsive pleading is allowed but which is so vague or ambiguous that

the party cannot reasonably prepare a response.") (emphasis added).

Accordingly, the Clerk of the Court **SHALL** strike this filing (ECF No. 91).

In the future, Plaintiff should clearly title his filings and should not combine them;

if he does not adhere to this advice, then he runs the risk of: (1) the Court striking

the combined filing; and/or, (2) having one thing he is trying to convey to the

Court get lost in another.[2]  In fact, although Plaintiff is filing his papers by

traditional means, *i.e.*, not electronically, the practice of clearly labeled, separate

filings is endorsed by Rule 5(f) of the Electronic Filing Policies and Procedures for

the Eastern District of Michigan (EFP) ("[m]otions must not be combined with any

other stand-alone document.  For example, . . . [a] counter-motion must not be

combined with a response or reply.  . . . Papers filed in violation of this rule will be

stricken.").  *See also Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging

Co., LLC*, 695 F. App'x 864, 870 (6th Cir. 2017) ("Rule 7.1(c)(3) does not require

---

[2] For example, if Plaintiff's June 4, 2021 filing (ECF No. 91), which mentions
Defendant Colombo, was intended as an objection to the Undersigned's May 26,
2021 report and recommendation on various motions to dismiss (ECF No. 82), it
was likely not visible to Judge Lawson when he adopted my report and
recommendation on July 9, 2021 (ECF No. 94).

a party to file a countermotion in combination with a response brief, and EFP Rule

5(e) and Local Rule 7.1 are therefore consistent with each other.")

    **IT IS SO ORDERED.**[3]


Dated: November 15, 2021             s/*Anthony P. Patti*
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).