UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD EUGENE WILLIAMS,

        Plaintiff,

v.

ANDREOPOULOS & HILL, *et al.*,

        Defendants.

_____/

Case No. 2:19-cv-10283
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO (1) CONSTRUE PLAINTIFF'S RESPONSES (ECF Nos. 133, 134) AS MOTIONS TO VOLUNTARILY DISMISS HUNTOON AND NAJI; (2) SO CONSTRUED, GRANT PLAINTIFF'S MOTIONS (ECF Nos. 133, 134); and, (3) DENY HUNTOON AND NAJI'S MOTION TO DISMISS (ECF No. 120) AS MOOT**

**I.  RECOMMENDATION:** The Court should **CONSTRUE** Plaintiff's responses (ECF Nos. 133, 134) as Fed. R. Civ. P. 41(a)(1)(A)(i) motions to voluntarily dismiss Huntoon and Naji, **GRANT** such motions (ECF Nos. 133, 134), and, accordingly, **DENY AS MOOT** Huntoon and Naji's motion to dismiss (ECF Nos. 120).

**II.  REPORT:**

    **A.  Background**

Edward Eugene Williams is currently incarcerated at the Alabama Department of Corrections (ADOC) Ventress Correctional Facility (VCF) in

Clayton, Alabama. (ECF No. 117.) The facts underlying this lawsuit span a lengthy period – from the January 29, 2009 accident through the October 20, 2009 filing of his state court case and arguably to November 2018. (ECF No. 82, PageID.482-486.) The history is set forth in detail in the May 26, 2021 report and recommendation and need not be repeated here.

Williams filed the instant matter *in pro per* on January 29, 2019 against a multitude of Defendants, most of whom are described as associated with Andreopoulos & Hill, P.L.L.C.'s law office. (ECF No. 1, PageID.1-7.) Many of the law firm Defendants who have already appeared are represented by the Andreopoulos & Hill firm. (ECF Nos. 37-47.) Defendants Huntoon and Naji are represented by separate counsel. (ECF Nos. 115, 119.)

### B. Pending Dispositive Motion

Judge Berg referred this case to me for all pretrial proceedings, which was renewed by Judge Lawson upon reassignment of the case to him. (ECF Nos. 18, 26.) Currently before the Court is Defendants Huntoon and Naji's December 30, 2021 motion to dismiss. (ECF No. 120.) Huntoon and Naji ask the Court to either: (1) dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted; or, alternatively, (2) order Plaintiff to file "a more definite statement as to the

allegations brought forth against them . . . pursuant to Fed. R. Civ. P. 12(e)." (*Id.*, PageID.721, 725.)

### C. Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.). As one esteemed jurist from this District has stated, "[e]ven excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6)." *Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.).

Here, for reasons made apparent below, the Court need not analyze whether Plaintiff's complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

### D. Discussion

In his pleading, Plaintiff describes Michelle Huntoon as "Att. Staff" and Zena Naji as "Attorney Staff," each at the address for Andreopoulos & Hill, PLLC.

4

(ECF No. 1, PageID.5-6.) Defendant Huntoon and Naji each attach a sworn affidavit to their motion to dismiss. Although neither identifies her title at the law firm: (1) Huntoon attests that she "became employed with Andreopoulos & Hill, PLLC on or about June 24, 2013[,]" and her "last date of employment with [the firm] was on or about October 18, 2019[,]" (ECF No. 120-2, PageID.746 ¶¶ 6, 7); and, (2) Naji attests that she "became employed with Andreopoulos & Hill, PLLC on or about January 2014[,]" (ECF No. 120-3, PageID.750 ¶ 6).

These periods of employment *post-date* the alleged 2012 settlement of his state court case(s). (ECF No. 1, PageID.3, 9.) Nonetheless, even if Huntoon's and Naji's representations are accurate, the Court is unable to consider this information on a motion to dismiss the complaint, as the affidavits present facts beyond the face of the pleading. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[,]" in which case "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Plaintiff's "statement of claim" within his verified complaint alleges that "Defendant[s] settle[d] both cases without my knowledge and consent July 13, 2012 and December 2012[,]" (ECF No. 1, PageID.3, 9-10), and the Court takes judicial notice of the fact that Defendant Lambros L. Andreopoulos represented

5

Plaintiff in *Williams v. Philadelphia Indemnity Insurance Co. and Christopher Joseph Roebuck*, Case No. 09-025727-NZ (Wayne County Circuit Court), as to which final judgment was entered in November 2012 and in which Huntoon and Naji do not appear on the register of actions as counsel of record.  *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=1184804.  Moreover, the Court wonders whether Plaintiff listed Huntoon and Naji as Defendants because their names appear as "support staff" on the letterhead of Andreopoulos & Hill, P.L.L.C.'s January 8, 2016 letter.  (ECF No. 21, PageID.76; ECF No. 67, PageID.391.)

      Nonetheless, Plaintiff has filed two March 8, 2022 responses (ECF Nos. 133, 134), which convince me that further analysis of Plaintiff's claims against Huntoon and Naji is unnecessary.  The Court recognizes these responses, even though they were due on February 7, 2022.  (ECF No. 121.)  In one, Plaintiff "wishes to dismiss Michelle Huntoon [based] on [her] sworn statement and affidavit . . . [,]" and seeks to "proceed . . . without further statement of his claim to this defendant . . . ."  (ECF No. 133.)  In the other, Plaintiff "request[s] to . . . dismiss defendant Zena Naji on her sworn statement . . . that she did not have any [affiliation] with [the November 2012 settlement of] his state civil action . . . [,]" *i.e.*, *Williams v. Philadelphia Indemnity Insurance Co. and Christopher Joseph Roebuck*, Case No. 09-025727-NZ (Wayne County Circuit Court).  (ECF No. 134.)  Each of these

6

filings is easily construed as a motion to voluntarily dismiss Huntoon and Naji. *See* Fed. R. Civ. P. 41(a)(1)(A)(i) ("plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]").

### E. Conclusion

The Court should **CONSTRUE** Plaintiff's responses (ECF Nos. 133, 134) as Rule 41(a)(1)(A)(i) motions to voluntarily dismiss Huntoon and Naji, **GRANT** such motions (ECF Nos. 133, 134), and, accordingly, **DENY AS MOOT** Huntoon and Naji's motion to dismiss (ECF Nos. 120).

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must precisely recite the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 14, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE